UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY DOUGLAS BLEVINS,<br><br>Defendant. | Case No. 1:12-cr-00271-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Jeremy Blevins' Motion for Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons. Dkt. 59. Blevins' requests, pursuant to 18 U.S.C. 3582(c)(1)(A), that the Court amend his federal sentence to run concurrent with his sentences in state court. The Government opposes the motion. Dkt. 63. For the reasons that follow the Court will deny the motion.

## BACKGROUND

On November 28, 2017, Blevins' supervised release was revoked and the Court sentenced him to 11 months incarceration, to run consecutive to his pending

**MEMORANDUM DECISION AND ORDER - 1**

parole violations in Ada County and pending felony case in Canyon County. Dkt. 55. This was the second time Blevins' supervised release had been revoked. At the hearing the Court expressed concern that, because of his federal detainer, Blevins would not be able to participate in programing while serving time for his state charges. Dkt. 63-1. However, the Court was equally concerned that this was Blevins' second revocation hearing, and he had – in a short period of time – come back before the Court for refusing to comply with the conditions of supervised release. *Id.*

Blevins is currently incarcerated at the Idaho Maximum Security Institution serving his state sentences. Dkt. 63-2. His state parole hearing is set for February 2021. In his motion Blevins explains that he has done well while in state custody, completing significant programming and remaining incident free. Dkt. 59.

## ANALYSIS

Blevins seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. The statute provides, in relevant part, that a court

> [...] upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

defendant's facility, whichever is earlier, may reduce the term of imprisonment[...]

18 U.S.C. § 3582(c)(1)(A).

Blevins is still in state custody serving time on his state sentences. He is not yet in BOP custody and has not made a request for compassionate release to BOP. Therefore, he has not exhausted his remedies under § 3582(c)(1)(A) and the statute does not permit the Court to consider his motion.

Further, the amount of time Blevins will have served between his state and federal sentences, standing alone, is not an extraordinary and compelling reason to modify his sentence. § 3582(c)(1)(A). At sentencing, the Courts concerns were twofold: First, the Court was concerned with Blevins' ability to participate in programing while in state custody – which he has been able to do. Second, was Blevins repeat willful failure to comply with the conditions of supervised release. Blevins has been able to participate in programming while in state custody, addressing the Court's first concern. While Blevins was not paroled as early as counsel or the Court may have anticipated, this does not constitute an extraordinary and compelling circumstance.

Accordingly, the Court will deny Blevins' motion without prejudice.

**MEMORANDUM DECISION AND ORDER - 3**

## ORDER

**IT IS ORDERED** that Jeremy Blevins' Motion for Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (Dkt. 59) is **DENIED** without prejudice.

DATED: January 6, 2021

B. Lynn Winmill
U.S. District Court Judge